**STATE OF FLORIDA v. WILLIAM HENRY SUMMER**

26 So. (2nd) 336      January Term, 1946
April 30, 1946      Division A
Modification as modified May 16, 1946

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Clyde H. Wilson,* State Attorney for the Twelfth Judicial Circuit, for appellant.

*H. G. Jones,* for appellee.

ADAMS, J.:

The state has appealed from an order quashing an information with charges that:

" . . . William Henry Sumner late of the County and State aforesaid, on the 6th day of May in the year of Our Lord One Thousand Nine Hundred and Forty-five, in the county and state aforesaid did handle and fondle Betty Jane Johnson, a

female child under the age of fourteen years, in a lewd, lascivious and indecent manner. Contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida . . . "

The order quashing the information reads:

"Defendant's motion to quash the information herein this day coming on for final hearing, the Court finds that instant statute, to-wit: Section 800.00 F.S.A. covers a field not covered by our statute against assault with intent to commit rape as appears by the clear language of the Statute and that the absence of intent to commit rape prescribed by section 800.04 F.S.A. is a distinguishing element that defines the new field of coverage from our pre-existing statute against assault with attempt to commit rape and from our lewd and lascivious conduct statute, to-wit: Section 798.02; F.S.A., and that it should be alleged in instant information that the matters and things charged therein were done 'without intent to commit rape upon said child'; NOW THEREFORE IT IS ORDERED AND ADJUDGED that said motion to quash be and the same is hereby sustained and granted and said information is hereby quashed."

We find no error in the order and the same is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.