WIGGINTON, Judge.
Appellant, who was defendant in the trial court, was charged by information with the offense of having made an assault upon a female child under the age of fourteen years in a lewd, lascivious or indecent manner, without intent to commit rape, as proscribed by statute.[1] He was tried and convicted by a jury, and was sentenced to a term of imprisonment in the state prison. From his judgment of conviction and sentence this appeal is taken.
Appellant first contends that the trial court erred in denying his motion for directed verdict made at the conclusion of the evidence on the ground that the evidence failed to establish one of the essential elements of the offense with which he was charged, to wit: “without intent to commit rape.” It is appellant’s position that one of the essential elements of the offense for which he was prosecuted is that the act of assault was performed without the intent to commit rape, and the burden rested on the State to prove this element of the offense beyond a reasonable doubt. Appellant’s position in this respect finds support in the decision rendered by the Supreme Court in State v. Sumner.[2] Appellant argues that the evidence affirmatively establishes that if he was guilty of anything, it was that of rape against the prosecutrix, and there was no evidence from which the jury could reasonably have concluded that his assault was made without any attempt to commit the crime of rape.
*69 A review of the record reveals testimony which, when considered in a light most favorable to the defendant, is susceptible of the conclusion that the prosecutrix resisted the advances made by appellant, and that she was in fact the victim of a rape as denounced by F.S. Section 794.01, F.S.A. When considered in a light most favorable to the prosecution, however, the evidence is also susceptible of the conclusion that the prosecutrix was not of a previous chaste character and that she consented to the act of intercourse between herself and appellant. Such a conclusion could be inferred from the physical examination made of her immediately after the incident which revealed an absence of any marks on her body indicative of a forceable rape. If this version of the evidence was believed by the jury, it would be sufficient to sustain appellant’s conviction of the offense with which he was charged and for which proof of previous chaste character and lack of consent is not necessary.
In its instructions to the jury the trial court charged that the verdict should be that of not guilty if it believed from the evidence that at the time of the offense defendant raped the prosecutrix, or that he assaulted her with intent to commit rape upon her. It is evident from the verdict that the jury rejected that evidence relating to the several offenses involving rape, and believed only that evidence which established that appellant had committed an assault upon the prosecutrix in a lewd, lascivious and indecent manner. Because of this state of the evidence, we conclude that the trial court was correct in denying appellant’s motion for a directed verdict as well as his post-conviction motion for a new trial.
We have carefully considered the remaining point made by appellant on this appeal, but find it to be without substantial merit. The judgment appealed is accordingly affirmed.
RAWLS, C. J., and CARROLL, DONALD, K., J., concur.

. F.S. § 800.04, F.S.A.

“Lewd, lascivious or indecent assault or act upon or in presence of child

“Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years.”

. State v. Sumner, (1946) 157 Fla. 371, 26 So.2d 336.