HOBSON, Judge.
Defendant-appellant appeals a judgment •and sentence rendered pursuant to a jury verdict of guilty on an information charging appellant with the violation of Section 800.04, Florida Statutes, 1967, F.S.A. which provides as follows:
“Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years.” (Emphasis added)
The emphasized portion in the above-quoted statute constitutes a defense -to the crime set out in the statute. At trial, appellant submitted a written instruction to the effect that the word “rape” contained in the above statute as a defense to the felony for which he was charged includes both “forcible or common-law” and “statutory” rape. The trial court refused appellant’s requested instruction and in its charge to the jury instructed in effect that only “forcible or common-law” rape constituted the defense set out in Section 800.-04 above.
The question on appeal is simply whether the word “rape” as contained in the above-quoted statute is broad enough to include “statutory” rape. In this regard, appellant contends that if the term is broad enough to include statutory rape, then he was improperly denied a legal defense.
*4 The statute merely uses the words, “without intent to commit rape.”
Section 794.01, Florida Statutes, 1967, F.S.A., reads as follows:
“794.01 Rape and Forcible Carnal Knowledge; Penalty. — Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death, * Hi
A separate section of the same chapter, Section 794.05, defines what is commonly referred to as “statutory rape” in the following language:
“794.05 Carnal Intercourse With UnMarried Person Under Eighteen Years.—
(1) Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste -character, who at the time of such intercourse is under the age of eighteen (18) years, shall be punished by imprisonment in the state prison for not more than ten (10) years, or by fine of not exceeding $2,000.”
The Florida Supreme Court in Wilson v. State, 1905, 50 Fla. 164, 39 So. 471, discussing Section 2598 Rev.St. 1892, now Section 794.05, Fla.Stat.1967, F.S.A., stated that:
“Section 2598, and acts amendatory thereof, denounce and punish the crime of sexual intercourse with an unmarried female under 18 years under circumstances that do not make the act rape * % * »
The Supreme Judicial Court of the State of Maine, in State v. Morang, 132 Me. 443, 172 A. 431, held:
“The respondent appeals from his conviction in the trial court on an indictment brought under the statute which makes it a felony for any person more than eighteen years of age to have carnal knowledge of the body of a female child between the ages of fourteen and sixteen years. The crime is not rape, but a distinct offense defined and made punishable in Revised Statutes, chap. 129, § 31. It is not a defense that the child consents, nor is it necessary to establish that the intercourse was accomplished by force and without her consent.” (Emphasis added)
Black’s Law Dictionary, 4th edition, defines “rape”- as follows:
“The unlawful carnal knowledge of a woman by a man forcibly and against her will. * * * That is, without her consent and against her utmost resistance.”
Black continues and states:
“Under modern statutes which often materially change the common-law definition and create an offense commonly known as ‘statutory rape,’ where the offense consists in having sexual intercourse with a female under statutory age, the offense may be either with or without the female’s consent.”
We hold that the word “rape” in § 800.04, Fla.Stat., 1967, F.S.A., means common-law or forcible rape and the trial court was correct in so ruling. As was held in the Wilson and Morang cases, supra, “statutory rape” is not “rape” and if the legislature intended the defense, in § 800.04, Fla.Stat., 1967, F.S.A., of “without intent to commit rape” to include “statutory rape” it would have so stated.
Affirmed.
LILES, C. J., and MANN, J., concur.