PER CURIAM.
The defendant, Charles Andrew Matava, Jr., appeals the judgment of the court finding him guilty of a lewd, lascivious or indecent assault upon a child under fourteen years of age without intent to commit involuntary sexual battery. This offense is set forth in Section 800.04, Florida Statutes (1975).
On this appeal, the defendant presents two points. The first is directed to the denial of a tendered instruction and the second questions the sufficiency of the evidence to support the verdict of the jury. The burden under each of these points is that it was the duty of the State to prove that the assault was committed “without the intent to commit involuntary sexual battery.” Defendant relies upon State v. Sumner, 157 Fla. 371, 26 So.2d 336 (1946); and Bass v. State, 263 So.2d 611 (Fla.4th DCA 1972). Each of these cases construed a prior statute and each held that an information charging the offense must be in the language of the statute and must include the element of absence of intent to commit involuntary sexual battery.
We hold that these cases are not governing and that a defendant may not escape punishment for the offense upon the basis that his mental attitude or intention was actually to commit the higher crime of involuntary sexual battery. The Supreme Court of Florida has given the trial court the initial responsibility in construing the statute in the Standard Jury Instructions. See Instruction 2.07; In re Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla.1976); and In re Standard Jury Instructions in Criminal Cases, 240 So.2d 472 (Fla.1970). Cf. Dorminey v. State, 314 So.2d 134 (Fla.1975); and State v. Bryan, *1117 287 So.2d 73 (Fla.1973). The trial court in this instance met the requirement of this responsibility. This instruction does not require the proof of the negative under the crime for which defendant was convicted and, in this cause, the instruction was given. The judgment and sentence are, thereupon, affirmed.
Affirmed.