361 So.2d 799 (1978)
R.C. KNOX, Appellant,
v.
STATE of Florida, Appellee.
No. II-126.
District Court of Appeal of Florida, First District.
August 4, 1978.
Rehearing Denied September 12, 1978.
Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, and Carolyn Snurkowski, Asst. Attys. Gen., for appellee.
PER CURIAM.
Appellant, convicted below of a violation of Section 800.04, Florida Statutes (1975), appeals his judgment and sentence on the basis of a "Williams rule" violation and on grounds that the State failed to prove the necessary intent to convict him of the crime charged. We find merit in the first point and reverse.
The record reveals that appellant was charged by information with "handling, fondling, or making an assault upon his step-daughter, Barbara Jean Daughtery, a child under the age of 14 years in a lewd, lascivious and indecent manner without the intent to commit involuntary sexual battery, on May 21, 1977." The bill of particulars requested by appellant specified that the offense took place "between 4 o'clock p.m. on May 21, 1977, and 3 o'clock a.m. on May 22, 1977." At trial, however, the prosecutor in his opening comments outlined an offense which took place late on the night of May 22. Appellant's wife then testified for the State that she had witnessed an incident between her husband and her daughter on the night of May 22. The daughter then testified to two incidents, one on the night of May 22, which her mother testified that she had witnessed, and another one on the previous night (within the time specified in the bill of particulars) which according to her testimony had occurred outside of the presence of her mother. The State also introduced evidence of a statement made by appellant in which he had admitted having various sexual relations with his step-daughter over an *800 18-month period. Appellant was convicted by the jury of the offense which had allegedly occurred on the night of May 21 out of the presence of the mother.
Appellant claims first that it was a violation of the "Williams rule"[1] for the State to present evidence of the May 22 incident throughout his trial on the May 21 incident. We agree. It is obvious on this record that the State's confusion about the date of the incident witnessed by the mother led to the admission of the evidence on the subsequent incident, which was highly prejudicial to the appellant in defending against the charge on the May 21 offense. We believe that the prejudicial effect of this evidence outweighed any possible relevance it may have had. The evidence here of the subsequent incident was not relevant to prove appellant's intent, motive, absence of mistake, modus operandi, or any other element of the crime charged. Its only relevance was to show appellant's propensity to commit the crime, which is clearly improper. Banks v. State, 298 So.2d 543 (Fla. 1 DCA 1974); Harris v. State, 183 So.2d 291 (Fla. 2 DCA 1966); Hooper v. State, 115 So.2d 769 (Fla. 3 DCA 1959). Moreover, the evidence of the collateral incident here became the "featured" evidence, in violation of this Court's opinion in Reyes v. State, 253 So.2d 907 (Fla. 1 DCA 1971). We conclude that the admission into this trial of the testimony regarding the collateral incident and the appellant's statement about his ongoing relations with his step-daughter violated the Williams rule and constituted reversible error.
Appellant's next point, regarding the sufficiency of the evidence to prove his guilt of a violation of Section 800.04 because the State did not prove his "negative intent", i.e., his intent not to commit involuntary battery, has recently been discussed in Matava v. State, 358 So.2d 1116 (Fla. 3d DCA 1978). We agree with the Court's holding there that "a defendant may not escape punishment for the offense upon the basis that his mental attitude or intention was actually to commit the higher crime of involuntary sexual battery."
The final judgment is reversed as to Point I and affirmed as to Point II and the case is remanded for a new trial.
McCORD, C.J., and MILLS and ERVIN, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959).