443 So.2d 178 (1983)
Jerome LANIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-793.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Rehearing Denied January 27, 1984.
*179 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The question presented on this appeal is whether having consensual sexual intercourse with an unchaste twelve-year-old girl constitutes the offense of handling or fondling in a lewd, lascivious or indecent manner or the offense of making an assault in a lewd, lascivious or indecent manner, both proscribed by Section 800.04, Florida Statutes (1981).
The defendant was charged by an information alleging that he, between certain specified dates,
"did unlawfully handle, fondle or make an assault upon [S] by engaging in sexual intercourse, but without the intent to commit Involuntary Sexual Battery, in violation of 800.04 ... that [S] is under the age of 14; and that the aforementioned *180 acts were committed by Jerome Lanier in a lewd and lascivious manner."
The defendant filed a sworn motion to dismiss the information setting forth the facts of the matter, the truth of which the State did not dispute by a traverse and, indeed, expressly admits. The facts set forth in the motion are as follows.
The defendant first met S while they were riding a bus on October 28, 1981. S told defendant that she was fourteen years of age and that she was running away from home, and defendant "asked her if she would like to go to a motel." S replied that she would and "went with the defendant because she wanted to be with him."
The defendant rented a motel room and left S there for several hours, returning that evening. He and S slept in the same bed that night and had consensual sexual intercourse. Approximately three or four months earlier, S had twice engaged in intercourse with her boyfriend. On the morning of October 29, the defendant left the motel and went to work; S remained at the motel. The defendant returned that evening, and he and S slept together, but did not have sexual intercourse. The next morning, the defendant went to work. He returned in the evening with dinner, after which he and S had consensual sexual intercourse.
On the next morning, October 31, the defendant again left the motel, and S again remained; "she was not getting tired of staying at the motel all day everyday and ... loved it." The defendant had not forced his attentions upon her, and S "was getting close to the defendant and [had] started liking him." S and the defendant had dinner together that night, and he left the motel after dinner and did not return until after S had gone to sleep. By the following day, the defendant had "recommended a few times that [S] go home, but ... she didn't feel like leaving at that time."
On the morning of November 1, defendant left the motel to do the laundry, and S remained in the room watching television. The defendant returned that afternoon and then left for work, returning to the motel that evening for dinner. He again told S that "he thought it would be a good idea if she went home," and S became upset "because she didn't want to go home but rather wanted to stay at the motel" with him. That night they slept together, but did not have intercourse.
Their last day together was November 2. As usual S stayed at the motel, and the defendant went to work. The defendant returned that evening, and they slept together, although "they did not have sex because she didn't want to." S left the motel on the following morning, leaving the defendant a note in which "she told him she liked him." The charges against the defendant were filed on the following day.
The trial court denied the defendant's motion to dismiss, and the defendant entered a plea of nolo contendere, specifically reserving his right to appeal the denial of his motion.
At the outset, the defendant makes clear that he does not attempt to defend his conduct; indeed, he freely acknowledges that it is reprehensible. What he does defend is his right to be charged under a statute which embraces such conduct. Thus, while he suggests that he may have been prosecuted for lewd cohabitation, § 798.02, Fla. Stat. (1981); prostitution, § 796.07, Fla. Stat. (1981); see Tatzel v. State, 356 So.2d 787 (Fla. 1978) (holding constitutional the defining of licentious sexual intercourse, without consideration, as prostitution under Section 796.07); or contributing to the delinquency of a minor, § 827.04(3), Fla. Stat. (1981),[1] he insists that *181 Section 800.04 is inapplicable to his conduct.
We also make clear that the defendant does not contend that Section 800.04, Florida Statutes (1981), an essential element of which is that the accused's acts be done "without the intent to commit sexual battery,"[2]see State v. Sumner, 157 Fla. 371, 26 So.2d 336 (1946) (affirming trial court order quashing information charging offense under former Section 800.04 where allegation that defendant acted without intent to commit rape omitted); cf. Bass v. State, 263 So.2d 611 (Fla. 4th DCA), cert. denied, 271 So.2d 142 (Fla. 1972), is inapplicable to his conduct despite the fact that he indisputably acted with the intent to have sexual intercourse. While it is true that "sexual battery," undefined in Section 800.04, is elsewhere defined in Section 794.011(1)(f), Florida Statutes (1981), as "oral, anal or vaginal penetration by, or union with, the sexual organ of another ..." without any requirement that the penetration or union be involuntary or accomplished by force, and thus an intent to have consensual sexual intercourse is ostensibly equated with an intent to commit a sexual battery, we think it clear, and the defendant agrees, that the term "sexual battery" as used in Section 800.04 refers not to the definition in Section 794.011(1)(f), but rather to the panoply of sexual battery crimes enumerated in Section 794.011, that is, the non-consensual, coercive or forcible sexual intercourse or union described in Sections 794.011(2), (3), (4) and (5), Florida Statutes. Thus, we conclude that when it is said in a prosecution under Section 800.04 that the defendant acted "without the intent to commit sexual battery," what is meant is that the defendant did not intend to commit an act prohibited by Sections 794.011(2) through (5).[3] We believe this conclusion is compelled by the history of Section 800.04.
Before Section 794.011 was promulgated, Section 800.04, Florida Statutes (1973) prohibited the very same acts as the 1981 version of the statute when such acts were committed "without the intent to commit rape." The word "rape" as formerly used in the statute was interpreted to mean forcible rape only. See Baines v. State, 221 So.2d 3, 4 (Fla. 2d DCA 1969). When Section 794.011 was enacted in 1974, see Ch. 74-121, Laws of Florida, Section 800.04 was redrafted to bar the recited lewd acts perpetrated "without the intent to commit involuntary sexual battery," § 800.04, Fla. Stat. (1975), thus manifesting the same legislative intent as the predecessor statute. The deletion of the word "involuntary" from the current version of Section 800.04 was not intended to bring about a substantive change, but rather was done to *182 "conform the name of the crime to the terminology of § 794.011." See Ch. 79-400, § 290 et seq., Laws of Florida.[4]
Our conclusion is not only compelled by this legislative history, but is supported by the analysis of Section 794.011(1)(f) found, albeit in dictum, in Hodges v. State, 403 So.2d 1375 (Fla. 5th DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982), where the court stated:
"Since the acts described in the statutory definition of `sexual battery' are not illegal per se and are, therefore, conduct essentially innocent, the crux, gist or gravamen of the offense of sexual battery, and, oddly, in criminal law, the one fact which characterizes the accused's acts as being, or not being, criminal, is not an act or intent of the accused, but the mental assent of the `victim.'" 403 So.2d at 1377-78 (emphasis supplied).
Since sexual intercourse with an unchaste assenting twelve-year-old is not a sexual battery crime under Section 794.011, a person, as the defendant, who acts with the intent to have consensual sexual intercourse with an unchaste twelve-year-old acts "without the intent to commit a sexual battery," and that essential element of Section 800.04 is satisfied here.
We turn then to the heart of the defendant's argument, that is, apart from showing that his conduct was lewd and lascivious[5] and done without the intent to commit sexual battery, the undisputed facts cannot sustain a finding that either the crime of assault or handling and fondling occurred.
We have little difficulty agreeing that the undisputed facts are wholly insufficient to sustain the charge of assault. The "assault" crime proscribed by Section 800.04 includes the elements of assault and battery, whether defined at common law or by statute. Carver v. State, 344 So.2d 1328 (Fla. 1st DCA), cert. denied, 352 So.2d 174 (Fla. 1977). Neither assault, § 784.011, Fla. Stat. (1981), nor battery, § 784.03, Fla. Stat. (1981), specific intent crimes, State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982); State v. Shorette, 404 So.2d 816 (Fla. 2d DCA 1981); Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979); J.M.C. v. State, 331 So.2d 366 (Fla. 3d DCA 1976), embrace the consensual, non-violent conduct which occurred in the present case. Therefore, the instant prosecution of the defendant under Section 800.04 is sustainable only if the alleged consensual sexual intercourse with an unchaste child under the age of fourteen can constitute the offense of handling or fondling within the statute.[6]
The information herein charged the defendant with handling and fondling by engaging in sexual intercourse. Such an allegation does not, in our view, set forth a crime contemplated by Section 800.04. Fundamental rules of statutory construction *183 require that "[w]ords used by the legislature are to be construed in their plain and ordinary sense." Reino v. State, 352 So.2d 853, 860 (Fla. 1977). "Handle" is commonly defined as "to touch, feel, hold, take up, move, or otherwise affect with the hand" or to "use the hands upon." Webster's Third International Dictionary 1027 (1961). See also Black's Law Dictionary 843 (rev. 4th ed. 1968). "Fondle" is a synonym for "caress," and the pertinent definition is "to handle tenderly," Webster's, supra at 883, again implying the use of one's hands. "Sexual intercourse," on the other hand, "means actual contact of the sexual organs" of two persons and penetration of the body of another. Williams v. State, 92 Fla. 125, 127, 109 So. 305, 306 (1926) (citation omitted). Since the Legislature specifically used words of distinct and clear meaning in Section 800.04, the courts "may not invade the province of the legislature and add words which change the plain meaning of the statute." Metropolitan Dade County v. Bridges, 402 So.2d 411, 414 (Fla. 1981) (citation omitted). Therefore, reading "handle" or "fondle" as the trial court did in this case to include sexual intercourse is erroneous. See Lair v. Commonwealth, 330 S.W.2d 938 (Ky. 1960) (statute making criminal carnal knowledge of a child and statute protecting infants against indecent and immoral practices each speak to different social problems and constitute separate and distinct offenses); State v. Copeland, 11 N.C. App. 516, 181 S.E.2d 722, cert. denied, 279 N.C. 512, 183 S.E.2d 688 (1971) (taking indecent liberties with a child not lesser-included offense of committing sodomy on a child); State v. Flath, 59 N.D. 121, 228 N.W. 847 (1929), rev'd on other grounds, 61 N.D. 342, 237 N.W. 792 (1931) (sex-related crimes enumerated in separate statutes, e.g., rape, are not punishable under indecent liberties statute); State v. Brammer, 304 N.W.2d 111 (S.D. 1981) (statute criminalizing sexual contact, and defining sexual contact as not including the act of statutory rape or rape, inapplicable to a touching incidental to the rape).
Our conclusion that the Legislature did not intend to prohibit consensual sexual intercourse with an unchaste twelve-year-old under the rubric of handling and fondling[7] is buttressed when, as is required, *184 Section 800.04 is construed in pari materia with other Florida statutes governing similar conduct so that "effect may be given to all the provisions of each... ." State v. Hayles, 240 So.2d 1, 3 (Fla. 1978). Section 794.011(2), Florida Statutes (1981), punishes as a capital or life felony (depending on the age of the offender) sexual intercourse with a child eleven years of age or younger, without regard to whether the victim consented or whether the victim was chaste. Section 794.05, Florida Statutes (1981), punishes as a felony of the second degree "unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years," regardless of consent. See, e.g., Lowe v. State, 154 Fla. 730, 19 So.2d 106 (1944); Griffin v. State, 322 So.2d 587 (Fla. 4th DCA 1975). Thus, sexual intercourse with a child eleven years of age or younger is always a crime, but sexual intercourse with a child between the ages of twelve and eighteen is a crime only if the unmarried "victim" is of previous chaste character. If, then, the offense created by Section 800.04  which, as the offense created by Section 794.05, is a second-degree felony  were read to include consensual intercourse with an unchaste child under the age of fourteen, the chastity requirement of Section 794.05 would be rendered meaningless in the case of consensual sexual intercourse with children between the ages of twelve and fourteen years. Simply stated, the conduct of consensual sexual intercourse with a child between the ages of twelve and fourteen would be identically punishable as a second-degree felony whether the child were chaste or unchaste. While we concede that it is within the legislative prerogative to condemn consensual sexual intercourse with a child under fourteen without regard to the child's previous chaste character, legislative prerogative and legislative intent are two different things. We discern that the Legislature did not intend to punish equally consensual sexual intercourse with chaste and unchaste children between the ages of twelve and fourteen years in the absence of clear statutory provisions. Cf. City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950) (legislative intent must be ascertained and effectuated); Haworth v. Chapman, 113 Fla. 591, 152 So. 663 (1934) (same); State v. Hoag, 419 So.2d 416, 417 (Fla. 3d DCA 1982) ("If a statute is to make sense, it must be read in light of some assumed purpose.").
Section 794.05, as first enacted in Florida, was propounded "for the purpose of protecting the virginity of young maidens." Simmons v. State, 151 Fla. 778, 783, 10 So.2d 436, 438 (1942). See also State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944). The statute was amended to be gender-neutral in 1921, but was held to retain the same underlying purpose:
"Thus the statute, as it now reads, is designed to protect the youth of this state of both sexes from the initial violation of their actual previous condition of sexual chastity rather than from the consequences of their subsequent voluntary indulgence in immorality, or the promiscuous engaging in sexual intercourse on the part of those persons under eighteen years of age who by reason of an already acquired sexual promiscuity are no longer of previous chaste character within the statutory definition of the crime... ."

Deas v. State, 119 Fla. 839, 842, 161 So. 729, 730 (1935).
The continued reenactment of Section 794.05 after this construction is deemed an adoption thereof by the Legislature. See, e.g., Williams v. Jones, 326 So.2d 425 (Fla. 1975), appeal dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976); Collins Investment Co. v. Metropolitan *185 Dade County, 164 So.2d 806 (Fla. 1964); Meehan v. The Celotex Corporation (Fla. 3d DCA 1983) (Case No. 82-122, opinion filed November 15, 1983). If the Legislature had intended the chastity requirement embodied in Section 794.05 to be inapplicable to children between the ages of twelve and fourteen, it would have said so. Thus, we think it evident that the Legislature intended to give the fullest protection to those eleven years old or younger, but protect other minors from consensual sexual intercourse only where they are of previous chaste character.
In summary, the undisputed facts reveal that the defendant's acts were unquestionably lewd and lascivious and done without the intent to commit a sexual battery, that is, without the intent to commit one of the crimes enumerated in Section 794.011(2) through (5). However, because the acts were indisputably consensual, no assault occurred. Nor could the defendant be prosecuted under Section 800.04 for handling and fondling where the information describes or the undisputed facts show the handling and fondling to be an act of sexual intercourse, since consensual sexual intercourse with an unchaste child between the ages of twelve and fourteen is not a crime under Section 800.04.
Accordingly, the judgment below is reversed with directions to dismiss the information and discharge the defendant.
JORGENSON, Judge, dissenting.
I respectfully dissent. The issues of consent and chastity, present in terms of chapter 794, Florida Statutes (1981), are not relevant to section 800.04, Florida Statutes (1981). The fact that a sexual battery did not occur (consent and chastity there being issues) does not, in my view, preclude prosecution under section 800.04.
The language in section 800.04, "any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner" (emphasis added), was unquestionably satisfied in the instant case. Indeed, the majority acknowledges in note 5 that the conduct of this defendant was lewd and lascivious within the meaning of the statute.
The intent of the legislature is determined by looking to the plain language of the statute. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978); Thayer v. State, 335 So.2d 815 (Fla. 1976). The only conclusion that can be reached by looking to the plain language of section 800.04 is that the legislature intended to proscribe all lewd and lascivious conduct upon any child under the age of fourteen. This certainly would include the acts of the present defendant.
That the legislature has also enacted a chapter on the subject of sexual battery should be of no aid to the defendant in attacking his conviction under chapter 800. It is the prerogative of the legislature to enact separate laws concerning sexual battery and lewd and lascivious behavior. Though it may not be wise to enact laws which partly overlap, we are not free to alter the course the legislature has chosen. The array of charging alternatives given the prosecutor is not relevant to the crime charged. I would affirm.
NOTES
[1] In Purvis v. State, 377 So.2d 674 (Fla. 1979), the court invalidated the fornication statute, Section 798.03, Florida Statutes (1977), on equal protection grounds, based upon gender discrimination. The defendants in that case had also been charged under Section 827.04(3), and the court also reversed that conviction because a portion of the delinquency charge was based upon violations of Section 798.03. However, nothing in Purvis holds or suggests that other sexual crimes cannot provide a basis for a charge under Section 827.04(3). Courts in other jurisdictions have uniformly held that conduct such as was engaged in by defendant in the present case provides a basis for a charge of contributing to the delinquency of a minor. See People v. Lew, 78 Cal. App.2d 175, 177 P.2d 60 (1947); People v. Lowell, 77 Cal. App.2d 341, 175 P.2d 846 (1946); People v. McDougal, 74 Cal. App. 666, 241 P. 598 (1925); Edwards v. State, 491 S.W.2d 87 (Tenn.Cr.App. 1972), cert. denied, (Tenn. 1973).
[2] Section 800.04, Florida Statutes (1981), provides:

"Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery, shall be guilty of a felony of the second degree... ." (emphasis supplied).
[3] Of course, "a defendant may not escape punishment for the offense upon the basis that his mental attitude or intention was actually to commit the higher crime of involuntary sexual battery." Matava v. State, 358 So.2d 1116 (Fla. 3d DCA), cert. denied, 364 So.2d 888 (Fla. 1978). See also Knox v. State, 361 So.2d 799 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1373 (Fla. 1979); Dunson v. State, 194 So.2d 68 (Fla. 1st DCA 1967). This holding is in complete accord with the general rule that a defendant may not interpose as a defense to a lesser crime that he is guilty of a greater crime. See, e.g., Coppolino v. State, 223 So.2d 68 (Fla. 2d DCA 1968), appeal dismissed, 234 So.2d 120 (Fla. 1969), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 794 (1970). But here the defendant's claim is not that he intended to commit sexual battery, but that he intended to commit no crime under Section 800.04. As will be seen, infra, consensual sexual intercourse with an unchaste twelve-year-old female is not a crime under that section.
[4] At the same time and for the same reason, the language of the felony murder statute, § 782.04, Fla. Stat., was changed from "involuntary sexual battery" to "sexual battery." It would be shocking indeed to learn that one could be convicted of felony murder for a death occurring during the commission of "oral, anal or vaginal penetration by, or union with, the sexual organ of another." Yet that would be precisely the result if the definition of sexual battery found in Section 794.011(1)(f) were imported into Section 782.04. Thus, "sexual battery" in the felony murder statute must also refer to the panoply of crimes enumerated in Section 794.011(2) through (5).
[5] There can be little doubt that the conduct of the defendant and S was lewd and lascivious as those terms are defined in Florida law. See Chesebrough v. State, 255 So.2d 675 (Fla. 1971), cert. denied, 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972). Cf. Boles v. State, 158 Fla. 220, 27 So.2d 293 (1946).
[6] The State contends that this very question was decided adversely to Lanier in Dunson v. State, 194 So.2d 68. We disagree. In Dunson, as in Matava v. State, 358 So.2d 1116, and Knox v. State, 361 So.2d 799, the accused defended against an assault charge under Section 800.04 by arguing that if the prosecution had proved any offense, it had proved a completed forcible rape. See n. 3, supra. Reviewing the evidence in a light most favorable to the State, the court found that the victim had consented to sexual intercourse with the defendant, and accordingly rejected the defendant's claim. 194 So.2d at 69. Thus, the issue presented in the present case was neither raised nor ruled upon in Dunson and is one of first impression in this state.
[7] Whether a defendant could be charged under Section 800.04 with handling and fondling in a lewd and lascivious manner where, although the information specifies a touching with the hands, the touching is indisputably incidental to an act of consensual sexual intercourse with a person not of previous chaste character or where the touching is antecedent to and independent of such act, are questions we need not decide. But see State v. Brammer, 304 N.W.2d 111 (S.D. 1981). However, it would appear to be anomalous that the Legislature would condemn the consensual touching of an unchaste person while not condemning the more serious act of consensual sexual intercourse with the same person. The anomaly disappears only by holding that Section 800.04 condemns the sexual intercourse as well, a holding which we find to be inconsistent with the legislative intent, or by holding that the reach of the handling and fondling provision of Section 800.04 is limited to non-consensual handling and fondling which does not amount to assault and where the victim's prior chastity is irrelevant. Under the latter  and, we believe, correct  interpretation, a child who is eleven years old or younger is protected from a "consensual" handling and fondling even as such child is protected from "consensual" sexual battery. See § 794.011(2), Fla. Stat. (1981). "[T]he law presumes that a child of such immature age is incapable of either consenting to or protesting against the act." Schang v. State, 43 Fla. 561, 564, 31 So. 346, 347 (1901). See Wright v. State, 199 So.2d 321 (Fla. 1st DCA 1967). Accord, Stevens v. State, 231 Ark. 734, 332 S.W.2d 482 (1960) ("eleven-year-old child so young consent was legally impossible"); Hill v. State, 246 Ga. 402, 271 S.E.2d 802, 806 (1980) ("The victim's age in this case [twelve] indicates that, as a matter of law, the intercourse was nonconsensual and `against her will.'"); Drake v. State, 239 Ga. 232, 236 S.E.2d 748, 750 (1977) ("A female under fourteen years of age is legally incapable of giving consent."); People v. Riley, 84 Ill. App.2d 296, 228 N.E.2d 190, 192 (1967) (seven-year-old female incapable of consenting or resisting). This same incapability or legal impossibility exists in respect to any sexual advance, not merely the act of intercourse. See Schang v. State, 31 So. 346 (a child can no more consent to attempted carnal intercourse than she can to the completed act). Accord, Buttram v. State, 269 Ind. 598, 382 N.E.2d 166 (1978) (a child of tender years is legally incapable of consenting to a sexual assault not amounting to attempted carnal intercourse); Hamilton v. State, 237 Ind. 298, 145 N.E.2d 391 (1957) (same); People v. Gibson, 232 N.Y. 458, 134 N.E. 531 (1922) (same); Carter v. State, 121 Tex.Cr. 493, 51 S.W.2d 316 (1932) (same). See also R. Perkins, Perkins on Criminal Law 961 (2d ed. 1969):

"[T]he sound view is that [a girl under the age of consent] is just as incapable of giving a legally-recognized permission to an indecent fondling of her person as she is of giving such license to the act of intercourse itself, and hence, her consent to such liberties is no defense." (footnote omitted).