508 So.2d 385 (1987)
Rudy Vallee O'BRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. BL-168.
District Court of Appeal of Florida, First District.
March 20, 1987.
Michael E. Allen, Public Defender and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Defendant O'Bright appeals his sentence after a guilty plea. The State and O'Bright negotiated his plea of guilty to lewd assault (Count II) and in return the State *386 dismissed a charge of sexual battery (Count I).
Count I, which was nolle prossed, charged that the defendant committed a sexual battery upon a child less than 12 years of age "by vaginal penetration, contrary to Florida Statute 794.011."
Count II charged that O'Bright did unlawfully handle, fondle, or make an assault upon a named child under the age of 16 years "in a lewd, lascivious, or indecent manner, by fondling her genitals and having her fondle his genitals, without committing the crime of sexual battery, contrary to Florida Statute 800.04(1)."
Florida Statute 794.011, in pertinent part, reads:
(1) Definitions:
.....
(h) The term "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
Florida Statute 800.04(1) in pertinent part reads:
Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
.....
without committing the crime of sexual battery is guilty of a felony of the second degree... .
On the sentencing guidelines scoresheet defendant was assessed 158 points for a second-degree felony and 40 points for "penetration or slight injury," making a total of 198 points, calling for a presumptive sentence of 30 months to 3 1/2 years incarceration. The scoresheet provides for the following choice of points relating to victim injury (physical):

 V. Victim injury (physical)
 No contact 0
 Contact but no penetration 20
 Penetration or slight injury 40
 Death or serious injury 85

O'Bright contends that at most "contact but no penetration" should be assessed. The point total would then be 178, calling for a presumptive sentence of community control or 12-30 months incarceration. The trial court disagreed, accepted the 198 points, and sentenced O'Bright to 3 1/2 years in prison. In addition, the court gave four reasons for departure from the guidelines stating "Well, I want that made of record, and I place it in the record in writing, in case the district court doesn't agree with the computation of points. In any event, I think those are clear and convincing reasons for going beyond the guidelines at either level.
1. The tender age of the victim at the time of this offense, that being eight (8) years of age.
2. The effect that the despicable nature of the offense had on this victim which required the victim to be removed from her home and placed in protective custody.
3. The crime involved the gross abuse of the familial-custodial relationship, that being the Defendant is the natural father of the victim.
4. The unlawful action continued over an extended period of time (approximately 8 months)."
We conclude that the appellant should not have been scored 40 points for "penetration or slight injury" rather than 20 points for "contact but no penetration." He pled guilty to lewd assault which contains within its definition the words "without committing the crime of sexual battery." Points cannot be validly assessed for sexual battery when sexual battery is specifically excluded from the definition of the crime to which the defendant pled guilty. (Furthermore, the sexual battery charge was nolle prossed.)
Although some of the reasons given for departure from the guidelines are valid, Reason No. 1 is invalid because the victim's age is an inherent component of the crime charged and cannot be used as a basis for *387 departure. State v. Mischler, 488 So.2d 523 (Fla. 1986).
With the guidelines scoring reduced and Reason No. 1 for departure eliminated, we reverse the sentence and remand the case for resentencing.
We certify to the supreme court the following question of great public importance:
WHETHER, IN CALCULATING THE SENTENCING GUIDELINES SCORESHEET FOR CATEGORY 2 SEXUAL OFFENSES, POINTS MAY BE ASSESSED FOR PENETRATION, UNDER VICTIM INJURY, IN SENTENCING FOR A CONVICTION UNDER 800.04(1)?
REVERSED and REMANDED.
ERVIN, J., concurs.
ZEHMER, J., dissents, with written opinion.
ZEHMER, Judge, dissenting.
Because I find no error in the trial court's inclusion of forty points for "penetration or slight injury" in sentencing appellant upon his plea of guilty to lewd and lascivious assault in violation of section 800.04, Florida Statutes (1985), I would affirm.
Charged by indictment in one count with committing sexual battery on a child under twelve years "by vaginal penetration, contrary to Florida Statute 794.011," and in a second count with assault upon a child under sixteen years "in a lewd, lascivious, or indecent manner, by fondling her genitals and having her fondle his genitals, without committing the crime of sexual battery, contrary to Florida Statute 800.04(1)," O'Bright pled guilty to the lewd assault charge in exchange for the state's dismissal of the sexual battery charge. At sentencing the guidelines scoresheet approved by the trial court reflected that O'Bright's point total was 198, calling for a presumptive sentence of thirty months to three and one-half years imprisonment, and the trial court sentenced appellant to three and one-half years in state prison. Alternatively, the trial judge, being ever mindful of the uncertainty inherent in guidelines sentencing and anticipating the possibility that this calculation might be held incorrect on appeal, listed several reasons for departure from the lower guidelines cell in justification of the sentence imposed, as set forth in the majority opinion.
O'Bright objects to this point total, stating it was error to assess 40 points for "penetration or slight injury" under victim injury because the sexual battery charge, which includes penetration as an essential element, was dropped and, further, that since he pled guilty to and was convicted of lewd assault only (an offense that does not include penetration as an essential element), the statutory language "without committing the crime of sexual battery" in section 800.04 operates to specifically exclude conduct that amounts to sexual battery in violation of section 794.011. Thus, he argues, at most 20 points should be assessed for "contact but no penetration" under victim injury, which results in a point total of 178 and calls for a presumptive sentence of community control or twelve to thirty months' incarceration.[1] The state contends, on the other hand, that penetration is merely a degree of handling or fondling and is not necessarily excluded from consideration in a conviction of that offense.
The scoresheet for sexual offenses lists four categories of victim injury: no contact (0 points), contact but no penetration (20 points), penetration or slight injury (40 points), and death or serious injury (85 points). Rule 3.701(d)(7), Florida Rules of Criminal Procedure, requires that "[v]ictim injury shall be scored if it is an element of any offenses at conviction." Ordinarily, it is proper to assess points for any of the categories of victim injury on the guidelines *388 scoresheet so long as "the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact" [see committee note (d)(7) to the December 19, 1985, amendment to rule 3.701(d)(7)], and the record contains evidence to support the level of victim injury scored.
Section 800.04, as amended by chapter 84-86, section 5, Laws of Florida,[2] reads as follows:
Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years
without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
The 1984 amendment added subparagraph (2) and changed the language of the last sentence for the expressed purpose of overcoming the effect of the decision in Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1984), which held that section 800.04,
prohibiting lewd and lascivious conduct with children under the age of 14 years did not prohibit acts of sexual intercourse between an adult and an unchaste, consenting child, and ... took the view that, where the victim is younger than 14 years of age but not younger than 12 years of age, the victim's consent was a defense to the crime of lewd and lascivious handling, fondling, or assault of a child
(Ch. 84-86, Preamble, Laws of Florida) and to clearly reflect that "the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery, without regard either to the victim's consent or the victim's prior chastity." Ch. 84-86, Preamble, Laws of Florida. Section 794.011(1)(h), referred to in subparagraph 2, contains the following definition:
The term "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
When Lanier was decided by the third district court of appeal, section 800.04, Florida Statutes (1981), made it a criminal offense for any person to "handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner ... without the intent to commit sexual battery" (emphasis supplied). The information in Lanier charged that the defendant "did unlawfully handle, fondle or make an assault upon [S] by engaging in sexual intercourse, but without the intent to commit Involuntary Sexual Battery, in violation of 800.04." 443 So.2d at 179. The statutory reference to "intent to commit sexual battery" was construed by the district court as referring to the intent to commit one of the various offenses proscribed by section 794.011, such as voluntary and involuntary sexual battery, and meant that "the defendant did not intend to commit an act prohibited by Sections 794.011(2) through (5)." 443 So.2d at 181. The district court then noted that the defendant claimed he "intended to commit no crime under Section 800.04" and that "consensual sexual intercourse with an unchaste twelve-year-old female is not a crime under that section." Id. at 181, n. 3.
After the 1984 amendment to section 800.04, however, and based explicitly on the legislature's expression of statutory intent in chapter 84-86, the supreme court quashed the third district's decision, holding *389 that "section 800.04 both prior to and subsequent to the 1984 amendment is violated when a male engages in sexual intercourse with a twelve-year-old girl despite the fact that the victim was previously unchaste and the sexual intercourse was consensual." State v. Lanier, 464 So.2d 1192, 1193 (Fla. 1985). Thus, the supreme court implicitly recognized that, since the element of consent was immaterial, the fondling charged in that case was a violation of section 800.04 even though the conduct charged also involved penetration and amounted to sexual battery.
Admittedly, the legislature's change of wording from "without the intent to commit sexual battery" to "without committing the crime of sexual battery" (emphasis supplied) in the amendment to section 800.04 may appear to be confusing in light of the newly added subparagraph 2 expressly incorporating the definition of sexual battery found in 794.011(1)(h) (which includes penetration). The majority opinion has taken the view that, at least in this case, the phrase emphasized above should be taken to mean that the act of penetration which constitutes sexual battery under 794.011 is excluded from the offense of fondling under 800.04(1) because the offenses prohibited by sections 794.011 and 800.04(1) remain mutually exclusive. But in view of the legislature's forceful expression in the preamble to chapter 84-86 of its intent to include within the ambit of 800.04 offenses acts amounting to sexual battery irrespective of consent and prior unchastity, I would conclude that one may be convicted of violating any subsection of section 800.04 even though the acts constituting fondling, as in this case, may also satisfy the definition of sexual battery under section 794.011(1)(h), provided only that the accused is not also convicted of the section 794.011(2) offense of involuntary sexual battery based on these same acts. See Lanier v. State, 443 So.2d at 185 (Jorgenson, J., dissenting). In effect, the legislature has made clear that a violation of section 800.04 is an alternative to, and perhaps a lesser included offense of, the offenses proscribed by section 794.011.[3] As a result, a plea of guilty to a section 800.04 offense should not be construed as precluding the use of penetration during fondling as an element of victim injury to be scored when sentencing for this offense.
In this case, the record before the trial judge contained statements of the victim which support the factual finding that while fondling the eight-year-old girl on one or more occasions O'Bright's finger penetrated her vagina. Although O'Bright denied that this occurred, the record contained sufficient evidence to support the trial court's finding of this explicit fact for purposes of sentencing. Moreover, the dropping of the section 794.011 involuntary sexual battery charge pursuant to the plea agreement should not be held to operate as a conclusive determination that such penetration did not occur during commission of the offense of lewd assault. Because victim contact, with or without penetration during fondling, is an element of the offense under section 800.04 that may be scored on the guidelines scoring sheet under victim injury, cf. Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), the trial court correctly assessed 40 points for penetration under victim injury so long as the *390 record established that fact. I am mindful that O'Bright was charged under 800.04(1) and not 800.04(2), but I do not view that as a critical consideration with respect to scoring penetration for sentencing purposes since I would not view subsections 800.04(1) and (3), as distinguished from section 800.04(2), as defining offenses that are mutually exclusive of the sexual battery offenses defined in section 794.011.
This view of the trial court's guidelines sentence makes it unnecessary to consider appellant's second point challenging the validity of the several grounds cited for departure from the guidelines.
I fully concur in certification of this question to the supreme court, but would, in view of appellant's argued effect of the dismissal of the involuntary sexual battery offense under section 794.011, restate the question as follows:
WHETHER, IN CALCULATING THE SENTENCING GUIDELINES SCORESHEET FOR CATEGORY TWO SEXUAL OFFENSES, POINTS MAY BE ASSESSED FOR PENETRATION UNDER VICTIM INJURY IN SENTENCING FOR A CONVICTION OF LEWD ASSAULT WHEN AN INVOLUNTARY SEXUAL BATTERY CHARGE BASED ON THE SAME OCCURRENCE HAS BEEN DISMISSED AS PART OF THE PLEA AGREEMENT?
NOTES
[1] Appellant recognizes that scoring victim injury for "contact but no penetration" in sentencing for a violation of section 800.04, Florida Statutes (1983), has been judicially approved in Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla. 1986), but argues that this decision has, by implication, limited such scoring to contact only and has thereby excluded scoring for penetration.
[2] This amendment became effective October 1, 1984, and was effective during the period of time that appellant was charged with committing the offense. Ch. 84-86, § 8, Laws of Florida.
[3] Cf., Hightower v. State, 488 So.2d 106 (Fla. 5th DCA 1986) (en banc). Applying the pre-1984 version of the statute, the majority concluded that section 800.04 was not a lesser included offense of section 794.011 crimes, adhering to the traditional view expressed in Ray v. State, 403 So.2d 956 (Fla. 1981), and State v. Summer, 157 Fla. 371, 26 So.2d 336 (Fla. 1946), and rejecting the notion that the supreme court's decision in Lanier v. State, 464 So.2d 1192, had altered the holding of those decisions. Judge Sharp's dissenting opinion concluded that the amendment in chapter 84-86, although not applicable to that case, "makes clear not only that a child's lack of chastity or consent is no defense to this crime, but it also clearly provides that sexual battery as defined under section 794.011(1)(h) is a method by which the crime of section 800.04 may be committed." 488 So.2d at 111. Thus, Judge Sharp would uphold the instruction based on 800.04 as a lesser included offense of crimes under 794.011(2). It is not necessary, however, to decide in this case whether 800.04, as amended, is now a lesser included offense of 794.011 offenses (although it is difficult to imagine any argument that would support the contention it is not), for the amended statute clearly makes acts constituting sexual battery by penetration also a basis for conviction of offenses under 800.04.