649 So.2d 322 (1995)
Terrance JOZENS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3533.
District Court of Appeal of Florida, First District.
January 26, 1995.
Nancy A. Daniels, Public Defender, Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Terrance Jozens appeals his convictions and sentences for battery and for committing a lewd and lascivious act, arguing that the convictions were predicated upon fundamentally defective charges. We affirm in part and reverse in part.
A two-count information charged that Jozens:

COUNT I: ... did commit a sexual battery upon a person eleven (11) years or younger, to-wit: [name], 6 or 7 years of age, by penile union or penetration of mouth, anus or vagina, or digital penetration of anus or vagina, in violation of Section 794.011(2), Florida Statutes.

COUNT II: ... did unlawfully and knowingly commit a lewd and lascivious act in the presence of a child under the age of sixteen (16) years, to-wit: [name], age 6 or 7 years, by committing a sexual battery *323 upon said child, in violation of Section 800.04, Florida Statutes.
The victim, who was seven years old at the time of trial, described three separate incidents.
The jury found Jozens guilty as charged under Count II, and, under Count I, found him guilty of the lesser included offense of battery. He now asserts that both counts as charged are fundamentally defective, arguing for reversal despite the failure to raise the matter below. We will address the counts in order.
Under Count I, Jozens was charged pursuant to section 794.011(2), Florida Statutes (1989), which provides:
(2) A person 18 years or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony, punishable as provided in ss. 775.082 and 921.141... .
In tracking the language of the statute, Count I adequately alleged the charge of sexual battery. See Budd v. State, 477 So.2d 52 (Fla. 2d DCA 1985). Jozens asserts that it was error to charge multiple offenses in a single count. Any such error, however, was waived by the failure to challenge the information. Fountain v. State, 623 So.2d 572 (Fla. 1st DCA), review denied, 629 So.2d 132 (Fla. 1993). We affirm the judgment and sentence for battery.
In Count II, Jozens was charged with violating section 800.04, Florida Statutes, "by committing a sexual battery upon" the victim "age 6 or 7 years." The statute provides that a person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act of conduct which simulates that sexual battery is being or will be committed upon any child under the age of 15 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,

without committing the crime of sexual battery, commits a felony of the second degree... .[1]
§ 800.04, Fla. Stat. (Emphasis added.) Count II can only be construed in one way, to wit, as charging Jozens with violating section 800.04(3) above. For the reasons set forth below, we believe Count II as framed charged Jozens with a nonexistent crime.
Sections 794.011(2)-(5) of the sexual battery statute proscribe the commission of sexual battery as defined in subsection (1)(h) upon persons less than 12 years of age regardless of consent, and upon persons 12 years of age or older absent consent. "[I]ntercourse with a six-year-old child constitute[s] the crime of sexual battery regardless of unchastity or consent. By definition such activity could not be lewd and lascivious conduct under section 800.04 [(1), (3) or (4)]." State v. Hightower, 509 So.2d 1078, 1079 (Fla. 1987).
Under section 800.04(3), one cannot be convicted of a lewd and lascivious act committed upon a child under 12 years of age for conduct that also constitutes the crime of sexual battery under section 794.011. Chaplin v. State, 622 So.2d 165 (Fla. 2d DCA 1993). In the instant case, the victim was less than 12 years of age. Any activity proscribed in section 794.011(1)(h), perpetrated upon a victim of less than twelve years of age necessarily constitutes the crime of sexual battery, pursuant to section 794.011(2), where consent is irrelevant, and by definition cannot be considered lewd and lascivious conduct under section 800.04. Hightower. Hence, if Jozens committed acts defined as sexual battery, as alleged in Count II, he *324 could not be convicted of lewd and lascivious conduct under subsection (3) of section 800.04.
If a charging instrument completely fails to charge a crime, a conviction thereon violates due process. State v. Gray, 435 So.2d 816 (Fla. 1983). The complete failure of an information to charge a crime is a defect that can be raised at any time. Id. at 818. A conviction for a nonexistent offense is reversible fundamental error regardless of whether the issue was raised at trial. See State v. Sykes, 434 So.2d 325 (Fla. 1983) (one cannot be punished based on a judgment of guilt of a purported crime when the offense in question does not exist); Brown v. State, 550 So.2d 142 (Fla. 1st DCA 1989). Herein, we find that the state's use of the phrase "by committing sexual battery upon said child" rendered the entire count fatally flawed. We therefore have no choice but to reverse the judgment and sentence for lewd and lascivious act as charged in Count II.
AFFIRMED in part, REVERSED in part.
MICKLE and BENTON, JJ., concur.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, concurring in part and dissenting in part.
I concur in the majority's affirmance of the conviction under count I, battery. However, I must dissent from the majority's view that count II charges a nonexistent crime in violation of due process.
On appeal from his conviction, defendant challenges for the first time the wording of count II. That objection has been waived unless count II fails to charge any offense. Rule 3.140(o), Fla.R.Crim.P.; State v. Gray, 435 So.2d 816 (Fla. 1983) (the information, which was drafted substantially in the language of the statute, was sufficient); Duboise v. State, 520 So.2d 260 (Fla. 1988); State v. Waters, 436 So.2d 66 (Fla. 1983).
Although unartfully worded, count II does not completely fail to charge a crime under section 800.04, Florida Statutes. I would find that it adequately charged the appellant with knowingly committing any lewd and lascivious act in the presence of a child under the age of 16 years. Section 800.04(4), Florida Statutes. Count II properly alleges all the essential elements of subsection (4), to wit: the victim was under the age of sixteen years and the defendant knowingly committed a lewd or lascivious act in the presence of the victim. Werner v. State, 590 So.2d 431 (Fla. 1991). As to the lewd and lascivious act alleged to have been committed by appellant, the general description of "a sexual battery" is sufficient. See, e.g., Waters, supra; compare State ex. rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944). State v. Hightower, 509 So.2d 1078 (Fla. 1987), is not to the contrary since it dealt with section 800.04(2), Florida Statutes (1987) (now section 800.04(3) (1993)), and does not preclude the use of "sexual battery" as a descriptive term under subsection (4).
I note the record shows that the trial court erroneously instructed the jury as to subsections (1) and (3) of section 800.04, Florida Statutes. However, I find no error in this regard because the issue of jury instructions has not been properly preserved for appeal through objection below. The record supports the verdict.[2]Murray v. State, 491 So.2d 1120 (Fla. 1986). The evidence establishes that in at least two of the incidents, appellant purposefully exposed himself to his daughter to accomplish the acts alleged. A jury verdict is not to be overturned if supported by substantial and competent evidence. Murray, 491 So.2d at 1122. I would affirm.
NOTES
[1] The 1989 version of this section did not contain subsection (2) above. This subsection was added in the 1990 version and is applicable to offenses committed on or after October 1, 1990. The information alleges that the acts occurred between May 1990 and June 1991.
[2] As indicated by the verdict form, the jury found appellant guilty of "Lewd and Lascivious Act In The Presence Of A Child, as charged." (emphasis added).