GERSTEN, Judge.
Appellant, Carlos Badaraco (“tenant”), appeals the dismissal of his complaint against his landlord, appellee Suncoast Towers V Associates (“landlord”). We affirm.
The tenant sought to bring a class action on behalf of himself and other tenants, seeking damages for interruption of water and elevator services that occurred during renovations to convert a rental building into a *503 condominium. According to the tenant, Section 83.67, Florida Statutes (1995), entitled him to damages in the amount of three months’ rent for each interruption of utility services necessitated by the construction process.
Section 83.67 prohibits a landlord from terminating or interrupting any utility service and specifically states:
(1) No landlord of any dwelling unit governed by this part shall cause, directly or indirectly, the termination or interruption of any utility service furnished the tenant, including, but not limited to, water, heat, light, electricity, gas, elevator, garbage collection, or refrigeration, whether or not the utility service is under the control of, or payment is made by, the landlord.
[[Image here]]
(4) A landlord who violates the provisions of this section shall be liable to the tenant for actual and consequential damages or 3 months’ rent, whichever is greater, and costs, including attorney’s fees. Subsequent or repeated violations which are not contemporaneous with the initial violation shall be subject to separate awards of damages.
The tenant contends that the statute creates an automatic award of damages to individual tenants for each time water or elevator service is interrupted. In other words, individual tenants are entitled to three months’ rent per interruption, regardless of the duration or purpose of the interruption, and regardless of whether any actual damages were sustained.
In matters of statutory construction, it is fundamental that “legislative intent is the polestar by which the court must be guided.” State v. Webb, 398 So.2d 820, 824 (Fla.1981). Courts determine legislative intent by considering a variety of factors, including the language used, the subject matter, the purpose designed to be accomplished, and all other relevant and proper matters. American Bakeries Co. v. Haines City, 131 Fla. 790, 809, 180 So. 524, 532 (1938).
Where focusing on literal statutory language leads to absurd or unreasonable conclusions that render a statute meaningless, a court will look beyond the ordinary meaning of the statutory language. Weber v. Dobbins, 616 So.2d 956 (Fla.1993); State v. Webb, 398 So.2d at 820. Further, it is appropriate to focus on legislative staff analyses and staff summaries as significantly important in determining legislative intent. Asphalt Pavers, Inc. v. Department of Revenue, 584 So.2d 55 (Fla. 1st DCA 1991); Ellsworth v. Insurance Co. of North America, 508 So.2d 395 (Fla. 1st DCA 1987).
Applying these principles, we conclude that the legislative history behind Section 83.67 supports the trial court’s dismissal of the tenant’s complaint. The Legislature plainly did not intend to penalize landlords who temporarily interrupt utilities in connection with the performance of necessary maintenance or alterations incident to a condominium conversion. Rather, although the face of the statute might appear to support the existence of such an unlikely cause of action, the legislative history clearly demonstrates that the Legislature intended to discourage and penalize self-help eviction practices.[1]
Here, the tenant conceded that the landlord did not attempt to coerce tenants to leave the premises, and interrupted water and elevator service only as part of its general repairs and improvements. Thus, because *504 the interruptions were not intended to effect self-help eviction, the trial court properly-dismissed the tenant’s complaint. Accordingly, the order below is affirmed.
Affirmed.

. See Proposed Legislation and Position Paper and Talking Points on Landlords Prohibited Practices, (available at Fla. Dep’t of State, Div. of Archives, ser. 19, carton 1492, Tallahassee, Fla.) (stating that section 83.67 would furnish "an economic incentive to the landlord to ... file an eviction action, rather than circumventing the law and utilizing self-help"); Fla.S.Comm. on Landlord and Tenant Act, CS for SB 287 (1987) Staff Analysis (May 7, 1987)(on file with Comm.) (stating that “ § 83.67, F.S., is created prohibiting landlords from engaging in coercive self-help practices such as shutting off utilities in an effort to dispossess a breaching tenant”); Statement of Substantial Changes Contained in Committee Substitute for Senate Bill 287 (available at Fla. Dep't of State, Div. of Archives, ser. 18, carton 1626, Tallahassee, Fla.) (stating that "CS/SB 287 prohibits landlords from engaging in such practices as terminating utilities, prevention of a tenant’s access, or removing a tenant’s property in an attempt to coerce him into vacating the premises”).