701 So.2d 579 (1997)
Chirostopher HINN, Appellant.
v.
Kevin BEARY, etc., Appellee.
No. 96-3161.
District Court of Appeal of Florida, Fifth District.
October 10, 1997.
Rehearing Denied November 21, 1997.
*580 Gus R. Benitez and Roger B. Butcher of Benitez & Butcher, P.A., Orlando, for Appellant.
Walter A. Ketcham, Jr. and Jeanelle G. Bronson of Grower, Ketcham, Moré, Rutherford, Noecker, Bronson, Siboni & Eide, P.A., Orlando, for Appellee.
GOSHORN, Judge.
Christopher Hinn appeals the final summary judgment which determined that as a part-time deputy sheriff he is not covered by Florida's "Law Enforcement Officers' Bill of Rights" ("the Bill of Rights") (sections 112.531-112.535, Florida Statutes (1995)). Hinn contends that the trial court erred in interpreting section 112.321 to cover only full-time deputies and argues that the statute clearly and unambiguously refers to all deputies, whether full- or part-time. We disagree and affirm the judgment of the trial court.
The facts are not in dispute. Hinn was formerly a part-time auxiliary deputy sheriff ("Reserve I Deputy") against whom an investigation was initiated for abuse of authority. Hinn sought to invoke the Bill of Rights, which includes certain recordation requirements, the right to counsel, and other limitations on the investigative and interrogation procedure. The sheriff contended that Hinn was not entitled to these rights because he was only a part-time deputy and therefore not within the purview of subsection 112.531(1), which provides:
(1) "Law enforcement officer" means any person, other than the chief of police, who is employed full time by any municipality or the state or any subdivision thereof and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state; and includes any person who is appointed by the sheriff as a deputy sheriff pursuant to s. 30.07.

§ 112.531(1), Fla. Stat. (1995) (emphasis added).
Hinn filed a complaint seeking a determination of whether he was covered by the Bill of Rights. Following a hearing, the trial court entered final summary judgment in favor of the sheriff. The trial court determined both that the statute is ambiguous and that the legislature intended to cover only full-time deputies in the definition of "law enforcement officer." The court agreed with *581 the sheriff's argument that there was no reason to believe that the legislature intended to make a distinction between part-time deputies on the one hand and part-time police officers and highway patrolmen on the other for the purposes of coverage under the Bill of Rights.
As an initial matter, during the pendency of this appeal the investigation has been completed and Hinn's appointment revoked, leading the sheriff to argue that this appeal is moot. Although technically this case is moot, we will address the coverage of the Bill of Rights because this issue is "likely to recur" and therefore review is appropriate. Godwin v. State, 593 So.2d 211 (Fla. 1992); see also Roesch v. State, 633 So.2d 1, 2 n. 1 (Fla.1993) (reviewing moot issue where "capable of repetition but evading review").
Turning to the merits, we agree that subsection 112.531(1) is ambiguous and subject to judicial interpretation because "full-time" could be read to modify either only employees or both employees and deputies. In determining the meaning of an ambiguous statute, "legislative intent is the polestar by which the court must be guided." Florida Birth-Related Neurological Injury Compensation Ass'n v. Florida Div. of Admin. Hearings, 686 So.2d 1349, 1354 (Fla. 1997) (quoting State v. Webb, 398 So.2d 820 (Fla.1981)). In discerning legislative intent, the statute "must be considered as a whole, including the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already in existence bearing on the subject." State v. Patterson, 694 So.2d 55, 58 (Fla. 5th DCA 1997) (citing Webb, 398 So.2d at 824).
We agree with the trial court's conclusion that the legislature did not intend to cover part-time deputy sheriffs when it amended the definition of "law enforcement officer" in subsection 112.531(1). The legislature added the last phrase"and includes any person who is appointed by the sheriff as a deputy sheriff pursuant to s. 30.07"in 1993,[1] following several court decisions holding that the "employed by" language of the section did not include deputies because deputies are "appointed" rather than "employed" and because a sheriff is not an "employing agency." See, e.g., McRae v. Douglas, 644 So.2d 1368 (Fla. 5th DCA 1994), review denied, 654 So.2d 919 (Fla.1995); Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976); Johnson v. Wilson, 336 So.2d 651 (Fla. 1st DCA 1976). The legislative history strongly supports the conclusion that in so amending the statute, the legislature was reacting to the judicial exclusion of deputies from the previous definition and was seeking only to put full-time deputies on a par with other full-time law enforcement officers rather than extending these rights to part-time deputy sheriffs at the exclusion of other part-time law enforcement officers.[2]
AFFIRMED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] Ch. 93-19, § 1, at 138, Laws of Fla.
[2] General Order No. 342.0 adopted by the sheriff, which purports to extend the Bill of Rights to "all employees of the Sheriff's Office" as defined therein, was not argued below or on appeal and thus we do not determine its effect on Hinn's claim.