ALTENBERND, Acting Chief Judge.
Goliath Davis, as Chief of Police, and the City of St. Petersburg seek a writ of prohibition to bar the circuit court from hearing an action for declaratory judgment. The Pinellas County Police Benevolent Association and several police officers seek a determination of the officers’ rights under the Police Officers’ Bill of Rights, section 112.531-.535, Florida Statutes (1997), concerning legal representation when an officer is requested to prepare a report at the same time an internal affairs investigation is pending. The City maintains that the circuit court lacks jurisdiction over this dispute because the officers have not alleged that the controversy involves a monetary amount in excess of $15,000. We conclude that when a legal controversy does not involve a right that can be quantified in dollars, a plaintiff need not allege a monetary amount in excess of $15,000 in order to obtain a declaratory judgment in circuit court.
Prior to October 1, 1990, only the circuit court had jurisdiction to issue declaratory judgments. See § 86.011, Fla. Stat. (1989); ch. 90-269, Laws of Fla. In 1990, section 86.011 was amended to state that “circuit and county courts have jurisdiction within their respective jurisdictional *541 amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.” The City maintains that all declaratory actions that do not involve an amount in controversy in excess of $15,000 must be filed in county court. We disagree.
There are many issues involving statutory or constitutional rights and status that cannot be measured in dollars. In addition, there may occasionally be contractual disputes that cannot be measured in dollars. In such cases, we see no reason to force attorneys to allege an arbitrary monetary amount merely to invoke the jurisdiction of the circuit court, which historically has always resolved such disputes. To avoid any gap in original jurisdiction, the Florida Constitution is written to give circuit courts original jurisdiction of any controversy that does not expressly fit within the county courts’ jurisdiction. See Art. V, § 5-6, Fla. Const. If there is a trial court without jurisdiction over this matter, it is county court. Accordingly, we see no reason to issue a writ of prohibition in this case. Cf. Alexdex Corp. v. Nachon Enters., Inc., 641 So.2d 858 (Fla.1994) (discussing concurrent equity jurisdiction of circuit and county courts); Hinn v. Beary, 701 So.2d 579 (Fla. 5th DCA 1997) (example of post-1990 declaratory judgment in circuit corad involving police officers’ Bill of Rights issue with no clear monetary value).
Petition for writ of prohibition is denied.
QUINCE and WHATLEY, JJ„ Concur.