764 So.2d 848 (2000)
The STATE of Florida, Appellant,
v.
Thomas ANDERSON, Appellee.
No. 3D99-2224.
District Court of Appeal of Florida, Third District.
August 9, 2000.
*849 Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Christopher C. Meyer, Monroe, for appellee.
Before GODERICH, GREEN and SORONDO, JJ.
PER CURIAM.
The State appeals from the lower court's order dismissing one count of an information charging Thomas Anderson with unlawful possession of firearm by a convicted felon under section 790.23(1), Florida Statutes (1997). We reverse.
Anderson filed a verified motion to dismiss the information in count one, averring in pertinent part that he never "used" the firearm. He argued that he was entitled to dismissal because he was permitted to possess the firearm at his place of business pursuant to section 790.25(3)(n), Florida Statutes (1997), which the legislature stated should be liberally construed. He further argued that section 790.25(2)(b)(1), providing that the protections of the section did not apply to a person "using" a firearm in violation of section 790.23, did not apply to the facts of this case because he was not charged with "using" a firearm. The State filed a traverse and demurrer, claiming that Anderson was in possession of the firearm and that "use" was not required by section 790.23. The trial court granted Anderson's motion to dismiss the count for violation of section 790.23(1) due to the operation of section 790.25, because Anderson was not "using" a firearm, but merely possessing one. We conclude that the trial court erred in granting the motion.
Section 790.25 protects the rights of citizens in Florida to lawfully own and possess firearms. However, within this section the Legislature has also made an express declaration of public policy that "it is necessary to promote firearms safety and to curb and prevent the use of firearms and other weapons in crime...." § 790.25(1), Fla. Stat. (1997). In keeping with this declaration, section 790.25(2) specifies uses not authorized, which include, in pertinent part:
(b) The protections of this section do not apply to the following:
1 .... a person using weapons or firearms in violation of ss. 790.07-790.12, 790.14-790.19, 790.22-790.24;
§ 790.25(2)(b)1., Fla. Stat. (1997).
Section 790.23 states in pertinent part:
(1) It is unlawful for any person to own or have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
(a) Convicted of a felony in the courts of this state
§ 790.23(1)(a), Fla. Stat. (1997).
Whenever possible, courts must give effect to all statutory provisions and construe related provisions in harmony with one another. See Unruh v. State, 669 So.2d 242, 245 (Fla.1996). The cardinal rule of statutory construction is that a statute should be construed to give effect to the intention the legislature expressed in the statute. See City of Tampa v. Thatcher Glass Corp., 445 So.2d 578, 579 (Fla.1984). For a court to hold otherwise would make the obvious mandate of the legislature subservient to the discretion of the court. See Ellis v. State, 622 So.2d 991, 1001 (Fla.1993). To discern legislative intent, courts must consider the statute as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence on the statute. See McKibben v. Mallory, 293 So.2d 48, 52 (Fla.1974); Hinn v. Beary, 701 So.2d 579, 581 (Fla. 5th DCA 1997).
Section 790.23 is intended to protect the public from persons, who, because *850 of their past conduct, have demonstrated they are unfit to be trusted with dangerous instruments such as firearms. See State v. Snyder, 673 So.2d 9, 10 (Fla.1996); Nelson v. State, 195 So.2d 853, 855 n. 8 (Fla.1967). The evil contemplated by section 790.23 is clearly the prevention of the possession and the use of firearms by convicted felons.
Anderson argues that, given the legislative intent in section 790.25(4) that the section be construed liberally, and the express permission for a person to possess arms at his or her home or place of business under section 790.25(3)(n), a convicted felon should be allowed to possess a firearm as long as he does not use it, in spite of the clear language in section 790.23(1)(a). To reach this result would not only frustrate the intent of section 790.23(1)(a), but render it meaningless. It is axiomatic that the legislature does not intend to enact purposeless and useless legislation. See Unruh, 669 So.2d at 245. Statutes will not be interpreted to create absurd results. See State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995); Carnes v. State, 725 So.2d 417, 418 (Fla. 2d DCA 1999); United Auto. Ins. Co. v. Viles, 726 So.2d 320, 321 (Fla. 3d DCA 1998); Badaraco v. Suncoast Towers v. Assocs., 676 So.2d 502, 503 (Fla. 3d DCA 1996).
Section 790.23 clearly states that it is unlawful for any convicted felon to have in his or her care, custody, possession or control of a firearm. One cannot use a firearm without having it in his or her care, custody, possession or control. Anderson's claim that a violation of section 790.23 requires actual "use" is mere semantics, violates all common sense and frustrates the declared public policy to keep weapons out of the hands of criminals expressed in section 790.25(1).
Accordingly, we reverse the dismissal of count one of the information and remand for trial.