POLSTON, J.,
dissents with opinion.
Appellant Billy Joe Palmer was charged and convicted of a lewd and lascivious act upon a child in violation of section 800.04, Florida Statutes (1997). Appellant was *580 the victim’s little league baseball coach. The information charged that:
BILLY JOE PALMER, between and including the dates of March 1, 1998, and November 1, 1998, in the County and State aforesaid, did unlawfully handle, fondle or make an assault upon a child under the age of sixteen (16) years, to-wit: [ ], age 9, in a lewd and lascivious manner, by oral and/or digital manipulation of the penis of [] and by penile penetration of the anus of [ ], in violation of Section 800.04, Florida Statutes.
Appellant was not charged, tried, or convicted for sexual battery.
Appellant argues that he was charged with a nonexistent crime, therefore the trial court erred in denying his motion for judgment of acquittal. Appellant argues that some of the factual allegations against him, if true, would constitute the crime of sexual battery, and therefore cannot be charged as a lewd and lascivious act upon a child. Because Appellant was not charged with the crime of sexual battery, and the Florida Legislature intended that lewd and lascivious acts should include acts that would constitute sexual battery, I disagree with Appellant and would affirm.
/.
Section 800.04, Florida Statutes (1997) states:
Lewd, lascivious, or indecent assault or act upon or in presence of child. — A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(8) Commits an act defined as sexual battery under s. 794.011(l)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim’s lack of chastity nor, the victim’s consent is a defense to the crime proscribed by this section. A mother’s breastfeeding of her baby does not under any circumstances violate this section. (Emphasis added).
In 1984, the Florida Legislature added what is currently section 800.04(3), and revised the language in the latter part of section 800.04 as follows: “without committing the crime of the intent ■■■to-commit[1] sexual battery....” Ch. 84-86, § 5, at 264-65, Laws of Fla. In making these changes, the Legislature stated its intent in the preamble to chapter 84-86: “WHEREAS, the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery, without regard either to the victim’s consent or of the victim’s prior chastity.” Ch. 84-86 at 261, Laws of Fla. (emphasis added). Appellant argues that *581 because he is accused of committing acts that may be defined as sexual battery, he cannot be guilty of lewd and lascivious acts. This is contrary to the Legislature’s intent — it specifically said that lewd and lascivious acts upon children include acts defined as sexual battery.[2]
In 1990, the Florida Legislature added Section 800.04(2), to prohibit, inter alia, actual sexual intercourse with a child under the age of 16. Ch. 90-120, § 1, at 404, Laws of Fla. Appellant’s argument that the factual allegations constituting sexual battery cannot be charged as a lewd and lascivious act upon a child is contrary to the purpose of chapter 84-86[3] and to the plain language of the statute.
Moreover, if the statute were interpreted as Appellant suggests, the reference in section 800.04(2) to actual sexual intercourse as a lewd and lascivious act would be rendered meaningless. See United Specialties of America v. Department of Revenue, 786 So.2d 1210, 1213 (Fla. 5th DCA 2001)(stating that “a fundamental rule of statutory interpretation is that the courts should avoid a construction that would render part of a statute meaningless. Whenever possible, courts should give effect to all statutory provisions and construe them in harmony with one another. This impl[e]ments the general rule of statutory construction that the Legislature does not intend to enact purposeless and therefore useless legislation.”).

II.

In State v. Hightower, 509 So.2d 1078 (Fla.1987), the Court explained that chapter 84-86 was “passed to eliminate the anomalous interpretation that one could commit the conduct defined as sexual battery upon a person between the ages of twelve and sixteen and yet remain unpunished because of circumstances which would prevent conviction of the crime of sexual battery.” 509 So.2d at 1079. Although the discussion in Hightower had to do with the victim’s age, the principle of law is applicable to this case.
Appellant is not charged with a separate count of sexual battery. I cannot rule that Appellant has committed the crime of sexual battery when he has not even been charged with the crime. See State v. Bloom, 497 So.2d 2, 3 (Fla.l986)(ruling that under Florida’s Constitution, “the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute”). Accordingly, the phrase “without committing the crime of sexual battery” within section 800.04 is not applicable to this case.
Appellant argues that he could commit the conduct defined as sexual battery and yet remain unpunished because he was not charged with the crime of sexual battery. Because the Legislature specifically intended for that not to occur, Hightower, 509 So.2d at 1079, I reject Appellant’s argument. See State v. Anderson, 764 *582 So.2d 848 (Fla. 3d DCA 2000)(ruling that the “cardinal rule of statutory construction is that a statute should be construed to give effect to the intention the legislature expressed in the statute,” and noting that for “a court to hold otherwise would make the obvious mandate of the legislature subservient to the discretion of the court”).
The cases cited by Appellant, Jozens v. State, 649 So.2d 322 (Fla. 1st DCA 1995) and Beck v. State, 732 So.2d 427 (Fla. 1st DCA 1999), are not applicable. Jozens was charged and convicted of committing a sexual battery (Count I), and of a lewd and lascivious act “by committing a sexual battery” (Count II). Jozens, 649 So.2d at 322. Because the State used the phrase “by committing a sexual battery upon said child,” in charging Jozens, and section 800.04 defines lewd and lascivious acts “without committing the crime of sexual battery,” the court concluded that count II charged Jozens with a nonexistent crime. Id. at 324. However, Appellant was not charged with violating section 800.04 with the phrase “by committing a sexual battery.”
In Beck, the court could not determine from the general verdict whether the jury convicted the defendant for conduct constituting the crime of sexual battery. In this case, I need not, and could not, reach such a determination because Appellant was only charged with violating the lewd and lascivious statute.
In conclusion, I would hold that Appellant was not charged and convicted of a nonexistent crime. Therefore, I respectfully dissent.

. An argument very similar to Appellant's was rejected under the predecessor language in the statute. See Knox v. State, 361 So.2d 799 (Fla. 1st DCA 1978)(holding that “a defendant may not escape punishment for the offense upon the basis that his mental attitude or intention was actually to commit the higher crime of involuntary sexual battery,” quoting Matavav. State, 358 So.2d 1116 (Fla. 3d DCA 1978)).

. Had the Legislature intended the statute to bar conviction for the conduct described in the information when perpetrated on children under the age of 12, it could have limited the applicability of section 800.04 to prohibit sexual acts against children between the ages of 12 and 16 years of age. Instead, the plain language of the statute clearly manifests the legislature's intent to protect all children “under the age of 16” from sexual exploitation by adults.

. In interpreting legislative intent, courts must consider the statute as a whole as well as the evil to be corrected. State v. Anderson, 764 So.2d 848, 849 (Fla. 3d DCA 2000). The evil contemplated by section 800.04 is to prevent persons, inter alia, from engaging in sexual intercourse with children.