Dear Mr. Driscoll:
On behalf of the Gulfport City Council, you ask the following question:
Does a municipality within this state have the authority to remove, or cause to be removed, abandoned or derelict vessels within the public waters of the state, within the boundaries of the municipality, notwithstanding the provisions of the Florida Statutes, without a delegation of authority from the Florida Fish and Wildlife Conservation Commission?
Section 376.15(1), Florida Statutes, makes it unlawful for any person, firm, or corporation to store or leave any vessel in a wrecked, junked, or substantially dismantled condition or abandoned upon any public waters or at any port in this state without the consent of the agency having jurisdiction thereof, or docked at any private property without the consent of the owner of the private property. Pursuant to section 376.15(2), the Fish and Wildlife Conservation Commission is designated as the state agency authorized and empowered to remove any derelict vessel as described in subsection (1) from public waters.[1] The commission is authorized to establish a program to provide grants to coastal local governments for the removal of derelict vessels from the public waters of the state.[2]
Section 823.11(1), Florida Statutes, like section 376.15(1),supra, makes it unlawful for any person, firm, or corporation to store or leave any vessel in a wrecked, junked, or substantially dismantled condition or abandoned upon any public waters or at any port in this state without the consent of the agency having jurisdiction of such waters or port, or docked at any private property without the consent of the owner of the private property.[3] Section 823.11(2), Florida Statutes, provides:
"The Fish and Wildlife Conservation Commission is designated as the agency of the state authorized and empowered to remove or cause to be removed any abandoned or derelict vessel from public waters in any instance when the same obstructs or threatens to obstruct navigation or in any way constitutes a danger to the environment. All costs incurred by the commission in the removal of any abandoned or derelict vessel as set out above shall be recoverable against the owner thereof. Pursuant to an agreementwith the governing body of a county or municipality, and upon afinding by the commission that the county or municipality iscompetent to undertake said responsibilities, the commission maydelegate to the county or municipality its authority to remove orcause to be removed an abandoned or derelict vessel from publicwaters within the county or municipality." (e.s.)
Thus, both section 376.15 and section 823.11, Florida Statutes, designate the Fish and Wildlife Conservation Commission as the state agency empowered to remove or cause to be removed any abandoned or derelict vessel from this state's public waters. Section 823.11(2), however, specifically recognizes that the commission's authority may be delegated to a county or municipality upon a finding by the commission finding that such local government is competent to undertake such responsibilities; section 376.15 contemplates such delegations by authorizing a grant program to assist local governments in the removal of such vessels.
Chapter 705, Florida Statutes, provides procedures for the disposition of lost or abandoned property by local governments when that property is found on public property. Pursuant to section 705.103, Florida Statutes, when a law enforcement officer ascertains that an article of lost or abandoned property is present on public property and is of such nature that it can be easily removed, the officer shall take such article into custody and shall make a reasonable attempt to ascertain the rightful owner or lienholder pursuant to the provisions of the statute.[4] If the article of lost or abandoned property present on public property cannot be easily removed, the statute directs the officer to place a notice on the article directing the owner to remove the article within five days; if the owner does not comply within the five days, the article will be removed and disposed of pursuant to chapter 705, Florida Statutes, with the owner liable for the costs of removal, storage, and publication of notice.[5]
Section 705.101(3), Florida Statutes, defines "Abandoned property" for purposes of Chapter 705, Florida Statutes as
"all tangible personal property that does not have an identifiable owner and that has been disposed on public property in a wrecked, inoperative, or partially dismantled condition or has no apparent intrinsic value to the rightful owner. Vesselsdetermined to be derelict by the Fish and Wildlife Conservation Commission or a county or municipality in accordance with theprovisions of s. 823.11 are included within this definition." (e.s.)
Prior to 2002, vessels determined to be derelict by the Fish and Wildlife Conservation Commission or a county or municipality in accordance with the provisions of section 823.11, Florida Statutes, were expressly excluded from the definition of "abandoned property" in section 705.101(3), Florida Statutes. The statute was amended by the Legislature in 2002 to include such vessels.[6] An examination of the legislative history indicates that the intent of the amendment was to provide local governments with additional flexibility in the removal of those vessels.[7] Moreover, this office has been informed that the commission has considered the 2002 amendment to permit local governments to remove a derelict vessel pursuant to Chapter 705, Florida Statutes, as abandoned property once either the commission or the county or municipality, pursuant to a delegation by the commission, has declared the vessel derelict.[8]
Thus, the provisions of Chapter 705, Florida Statutes, may be used by a municipality to remove a vessel that has been determined to be a derelict vessel by the commission or by a county or municipality as authorized by section 823.11, Florida Statutes.
In addition, section 327.70(1), Florida Statutes, provides that Chapter 327 and Chapter 328
"shall be enforced by the Division of Law Enforcement of the Fish and Wildlife Conservation Commission and its officers, the sheriffs of the various counties and their deputies, and any other authorized law enforcement officer, all of whom may orderthe removal of vessels deemed to be an interference or a hazardto public safety, enforce the provisions of this chapter and chapter 328, or cause any inspections to be made of all vessels in accordance with this chapter and chapter 328." (e.s.)
The above provision appears to permit authorized law enforcement officers under certain circumstances to order the removal of vessels. This office has been advised that the commission, based upon the above statute, has considered law enforcement officers to have the authority to order the removal of vessels that are deemed a hazard to navigation.
In light of the above, I am of the opinion, until legislative or judicially determined otherwise, that the City of Gulfport may utilize the provisions of Chapter 705, Florida Statutes, to remove a vessel on the public waters within the city's boundaries when such vessel has been declared derelict by the Florida Fish and Wildlife Conservation Commission, or by the city pursuant to a delegation by the commission. In addition, pursuant to section327.70, Florida Statutes, authorized local law enforcement officers have the authority to order the removal of vessels that are deemed a hazard to navigation.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 376.15(2)(a), Fla. Stat.
[2] Section 376.15(2)(b), Fla. Stat. Such program is to be funded from the Florida Coastal Protection Trust Fund; however, notwithstanding the provisions in s. 216.181(11), Fla. Stat., funds available for grants may only be authorized by appropriations acts of the Legislature.
[3] And see s. 823.11(3), Fla. Stat., providing that any person, firm, or corporation violating this act is guilty of a misdemeanor of the first degree.
[4] Section 705.103(1), Fla. Stat. And see Op. Att'y Gen. Fla. 93-30 (1993) which concluded that Ch. 705, Fla. Stat., relates to the disposition of abandoned or lost property located on public property and does not make a local police department responsible for the disposition of such property located on private property.
[5] Section 705.103(2), Fla. Stat.
[6] See s. 35, Ch. 02-46, Laws of Fla.
[7] See Florida House of Representatives, Natural Resources 
Environmental Protection Committee Final Bill Analysis on CS/HB 1085, dated March 6, 2002; and Florida House of Representatives Committee on Natural Resources and Environmental Protection meeting on February 6, 2002, Tape 1, side 1 (Representative Baxley, as sponsor, stating that the amendment defines derelict vessels as abandoned property to provide local government with flexibility for removing those vessels). And see State v. Webb,398 So. 2d 820 (Fla. 1981) (legislative intent is the polestar by which the courts must be guided). See also Asphalt Pavers, Inc.v. Department of Revenue, 584 So. 2d 55 (Fla. 1st DCA 1991) (legislative staff analyses are admissible as aid in ascertaining legislative intent); Badaraco v. Suncoast Towers V Associates,676 So. 2d 502 (Fla. 3d DCA 1996); State v. Pinder,678 So. 2d 410 (Fla. 4th DCA 1996); Ops. Att'y Gen. Fla. 99-61 (1999) (staff analysis of legislation should be accorded significant respect in determining legislative intent).
[8] And see Gulf Coast Electric Cooperative, Inc. v. Johnson,727 So. 2d 259 (Fla. 1999) (agency's interpretation of statute it is charged with enforcing is entitled to great deference).