VAN NORTWICK, J.,
dissenting.
Because the trial court’s order applies the clear and plain text of section 713.3471(2)(a), Florida Statutes (2005), I would affirm. Accordingly, I respectfully dissent.
In interpreting a statute, a court should look “ ‘primarily’ to the plain text of the relevant statute, and when the text is unambiguous, [its] inquiry is at an end.” E.A.R. v. State, 4 So.3d 614, 629 (Fla.2009). If giving that statute the plain meaning makes it inconsistent with other parts of the same statute or others in pari mate-ria, a court would be required to examine the entire act and those in pari materia in order to ascertain the overall legislative intent. Id. (quoting Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks LLC, 986 So.2d 1260, 1265-66 (Fla.2008)). Examining a statute in pari materia means the court addresses the legislation “as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of the law already in existence.” Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003) (quoting State v. Anderson, 764 So.2d 848, 849 (Fla. 3d DCA 2000)).
In its order, the trial court found that it was undisputed that Tyndall Federal Credit Union never made a decision to cease further advances under the construction loan prior to final distribution of all funds available under the loan. The entire *1037 proceeds of the loan were disbursed, albeit to two separate contractors. Further, the trial court read the language of section 713.3471(2)(a) to mean that, as a matter of law, appellant could not prevail “because TFCU disbursed the full amount of the Loan, $215,000.00, this amount was paid to [Whitehead] and the subsequent contractor and TFCU followed the instructions of its borrower.”
I agree with the trial court that, under the clear language of section 713.3471(2)(a), the notice provision of the statute is invoked only when the lender makes a final determination to cease payments while there are still outstanding funds which could be disbursed. This notice provision does not conflict with the statute read as a whole and I would not create a judicial exception to a clear statutory provision.