PER CURIAM.
Timothy John Erlsten appeals the summary denial of his untimely and successive Rule 3.850 motion. Appellant contends that he was convicted of a nonexistent crime which constitutes a “fundamental error” that can be corrected at any time. We disagree and affirm.
In August 1998, appellant snatched a seven-year-old girl as she was walking to a park with her eleven-year-old sister. He carried her off and took her in his car to an abandoned road where he vaginally and anally penetrated her. In 1999, a jury convicted appellant of aggravated kidnapping in violation of section 787.01(3)(a), Florida Statutes (1997) [1] and lewd, lascivious, or indecent act upon a child under sixteen in violation of section 800.04, Florida Statutes (1997).
The court sentenced him to life in prison as a habitual violent felony offender (HVFO) and prison releasee reoffender (PRR) for the aggravated kidnapping and a concurrent term of thirty years in prison as a habitual felony offender (HFO) and PRR for the lewd, lascivious, or indecent act. This court affirmed on direct appeal without written opinion. Erlsten v. State, 773 So.2d 555 (Fla. 4th DCA 2000).
In 2001, he filed his first Rule 3.850 motion which was summarily denied but reversed and remanded as to a sleeping juror claim. Erlsten v. State, 842 So.2d 967 (Fla. 4th DCA 2003). The claim was subsequently denied and affirmed without opinion. Erlsten v. State, 900 So.2d 567 (Fla. 4th DCA 2005).
In 2008, appellant filed this untimely and successive Rule 3.850 motion. He raised two claims: (1) that he was convicted of a nonexistent crime because he could not be convicted of lewd, lascivious, or indecent acts upon a child less than sixteen years of age for conduct that also constituted the crime of sexual battery under Jozens v. State, 649 So.2d 322 (Fla. 1st DCA 1995) and Beck v. State, 732 So.2d 427 (Fla. 1st DCA 1999) and (2) that he could not be sentenced as an HVFO and PRR.
The court granted claim 2 and resen-tenced Erlsten to life in prison as a PRR for the aggravated kidnapping and thirty years in prison as an HFO with a fifteen-year mandatory minimum as a PRR on the lewd, lascivious or indecent acts count. The court summarily denied claim 1 based on the State’s response which argued that the claim was procedurally barred. This appeal follows.
The procedural bars that prohibit the filing of untimely and successive post-conviction motions are critical to the proper administration of justice. Fla. R.Crim. P. 3.850(b), (f). Were the courts of this state filled with stale, repetitive, and successive postconviction motions raising claims in a piecemeal fashion, then justice for those raising timely, legitimate claims would be delayed and may ultimately be denied. For these reasons, a defendant seeking to bring an untimely or successive postconviction motion must meet strict requirements for establishing the narrow exceptions to these procedural bars. See, e.g., Fla. R.Crim. P. 3.850(b)(1); Christopher v. State, 489 So.2d 22, 24 (Fla.1986).
In extremely rare cases, which presented extraordinary and compelling circumstances, courts have relaxed the procedural bars in order to correct a manifest injustice. See, e.g., Johnson v. State, 9 So.3d 640 (Fla. 4th DCA 2009). This court has recognized that a conviction for a truly *62 nonexistent crime is one circumstance that may warrant relaxing the procedural bars and merit correction at any time. Moore v. State, 924 So.2d 840 (Fla. 4th DCA 2006).
Erlsten was charged by amended information and convicted in Count II under section 800.04, Florida Statutes (1997), which provided in relevant part:
A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 791.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years, without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 800.04, Fla. Stat. (1997) (emphasis added).
For Count II, the information alleged as follows:
August 05,1998 Timothy John Erlsten did unlawfully handle, fondle or assault [the victim], a child under 16 years, in a lewd, lascivious or indecent manner or did knowingly commit a lewd or lascivious act in the presence of such child, or did commit an act defined as sexual battery upon such child, in violation of Florida Statutes 800.01.
(emphasis added).
Appellant argues that, because the jury returned a general verdict, he may have been convicted of a “nonexistent crime” which is a “fundamental error” that can be raised at any time. He contends that he is entitled to a new trial on Count I because the kidnapping charge may have been aggravated based on this alleged non-existent crime.
In dozens, 649 So.2d at 323, the court concluded that the charge under section 800.04(3) was “fatally flawed” because “[u]nder section 800.04(3), one cannot be convicted of a lewd and lascivious act committed upon a child under 12 years of age for conduct that also constitutes the crime of sexual battery under section 794.011.” The information in dozens charged that the defendant committed a lewd, lascivious or indecent act by “committing a sexual battery upon [the victim].” The court appears to have found that this conflicted with the “without committing the crime of sexual battery” language and rendered the entire count fatally flawed.[2] Id. at 324. Importantly, the defendant in dozens had been charged with sexual battery in a separate count, but the jury acquitted the defendant of the sexual battery and convicted him of simple battery, a lesser offense. See also Beck v. State, 732 So.2d 427 (Fla. 1st DCA 1999) (remanding for new trial where it was impossible to tell from the general verdict on what basis the jury convicted).
dozens and Beck were both direct appeal cases. The court in dozens, unable or unwilling to reconcile the conflict perceived *63 in the language of the statute, found that the error was fundamental and could be raised on direct appeal despite the lack of preservation. In so holding, the court employed overbroad language: “The complete failure of an information to charge a crime is a defect that can be raised at any time.” 649 So.2d at 324. This language is dicta. Jozens and Beck do not stand for the proposition that a challenge to the manner in which a section 800.04 offense was charged can be raised “at any time,” including in an untimely and successive postconviction motion.
Fundamental errors that can be raised for the first time on direct appeal despite the lack of preservation are not necessarily errors that can be corrected at any time. Haliburton v. State, 7 So.3d 601, 605-06 (Fla. 4th DCA 2009). The “fundamental error” terminology has been used haphazardly in some postconviction decisions and misused by prisoners seeking to raise untimely or successive post-conviction claims. See Hughes v. State, 22 So.3d 132, 137 (Fla. 2d DCA 2009). The focus in this postconviction posture is whether injustice is manifest.
We find that Jozens is distinguishable. In this case, appellant was not charged, tried, or convicted of capital sexual battery on a child under twelve. See § 794.011(2)(a), Fla. Stat. (1997). The information in this case did not contain the language that the court in Jozens found rendered the count fatally flawed. Jozens, 649 So.2d at 324 (“[W]e find that the state’s use of the phrase ‘by committing sexual battery upon said child’ rendered the entire count fatally flawed.”).
We agree with then-judge Pol-ston’s well-reasoned dissent in Palmer v. State, 838 So.2d 579, 580-82 (Fla. 1st DCA 2002). The phrase “without committing the crime of sexual battery” is not applicable to this case, and the prosecutor had discretion whether and how to prosecute. Id. at 581. The State opted not to prosecute for capital sexual battery. The legislature clearly intended the lewd, lascivious, and indecent act statute to prohibit and criminalize sexual intercourse and acts defined as sexual battery when committed upon those less than sixteen years of age. Ch. 84-86, § 5, at 264-65, Laws of Fla.; State v. Hightower, 509 So.2d 1078 (Fla.1987). The charge under section 800.04(3), Florida Statutes (1997), which alleged that defendant committed “an act defined as sexual battery,” was not “fatally flawed” and did not fail to charge a crime.
Appellant in this case was not convicted of a non-existent crime. The postconviction court correctly concluded that the claim was procedurally barred. We perceive no injustice in allowing this conviction to stand.

Affirmed.

GROSS, CIKLIN and LEVINE, JJ„ concur.

. The information charged that the kidnapping was aggravated because in the course of committing the offense appellant committed a sexual battery or lewd, lascivious, or indecent act.

. In 1999, the legislature amended the statute and removed the "without committing a sexual battery" language. Ch. 99-201, § 6, Laws of Fla.